Order Filed on
7/17/2014
by Clerk U.S. Bankruptcy
Court District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
Michael D. Sirota
David M. Bass
Felice R. Yudkin
(201) 489-3000
(201) 489-1536 Facsimile
Proposed Attorneys for Debtors-In-Possession

In re:

CRUMBS BAKE SHOP, INC., *et al.*,[1]

Debtors-in-Possession.

Case No. 14-24287 (MBK)
Judge: Michael B. Kaplan

Chapter 11
(Jointly Administration Pending)

CORRECTED

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN POST-PETITION FINANCING; (II) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL; AND (III) GRANTING OTHER RELIEF**

The relief set forth on the following pages, numbered two (2) through eleven (11), is hereby **ORDERED**.

**DATED: 7/17/2014**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number are: Crumbs Bake Shop, Inc. (5274); Crumbs Holdings LLC (8045); Crumbs 42nd Street II, LLC (5913); Crumbs Broad Street, LLC (5319); Crumbs Broadway LLC (2653); Crumbs Federal Street, LLC (9870); Crumbs Garment Center LLC (5142); Crumbs Grand Central LLC (5030); Crumbs Greenvale LLC (6562); Crumbs Greenwich, LLC (3097); Crumbs Hoboken, LLC (5808); Crumbs II, LLC (5633); Crumbs Larchmont, LLC (8460); Crumbs Lexington LLC (0286); Crumbs Park Avenue LLC (5273); Crumbs Retail Bake Shops, LLC (f/k/a Crumbs Fulton Street, LLC) (0930); Crumbs Stamford, LLC (8692); Crumbs Third Avenue LLC (6756); Crumbs Times Square LLC (1449); Crumbs Union Square LLC (8629); Crumbs Union Station LLC (6968); Crumbs West Madison, LLC (5017); Crumbs Woodbury LLC (2588)

(Page 2)
Debtors: CRUMBS BAKE SHOP, INC., *et al.*
Case Nos. 14-24287 (MBK)
Caption of Order: INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN POST-PETITION FINANCING; (II) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL; AND (III) GRANTING OTHER RELIEF

---

THIS MATTER having been opened to the Court by Crumbs Bake Shop, Inc. ("Crumbs"), Crumbs Holdings LLC ("Holdings"), and various subsidiaries of Crumbs and Holdings (listed on Exhibit A attached hereto and made a part hereof), as the Debtors and the Debtors in possession (collectively, the "Debtors"), by and through their proposed counsel, Cole, Schotz, Meisel, Forman & Leonard, P.A., upon the Motion for an Order (I) Authorizing the Debtors' Use of Cash Collateral; (II) Authorizing the Debtors to Obtain Secured Credit; (III) Granting Adequate Protection and (IV) Granting Other Relief (the "DIP Loan Motion") [Docket # 10] filed on July 11, 2014, and the Court having conducted a preliminary hearing on the DIP Loan Motion and being fully informed of the premises;

THE COURT NOW FINDS THAT:

A. Filing of Petition. On July 11, 2014 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code (the "Petition"). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors have retained possession of their assets and are authorized to continue the management of their business on a limited basis notwithstanding the recent closing of the Debtors' retail businesses. On or about July 7, 2014, the Debtors ceased operation of the Debtors' retail business, but retain ownership of and manage various assets including, without limitation, certain licensing rights, intellectual property, business equipment, inventory and leasehold interests. A creditors' committee, as

*Approved by Judge Michael Kaplan July 17, 2014*

(Page 3)
Debtors: CRUMBS BAKE SHOP, INC., *et al.*
Case Nos. 14-24287 (MBK)
Caption of Order: INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN POST-PETITION FINANCING; (II) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL; AND (III) GRANTING OTHER RELIEF

provided for under section 1102 of the Bankruptcy Code (the "Committee"), has not been appointed.

B. Jurisdiction; Core Proceeding. This Court has jurisdiction to enter this order (the "Interim DIP Loan Order") pursuant to 28 U.S.C. §§ 157(b)(2) and 1334. Consideration of the DIP Loan Motion is a core proceeding as defined in 28 U.S.C. §§157(b)(2)(A), (D), (G), (K) and (M).

C. Notice of Hearing. The Debtors have provided such notice of the hearing and the terms of the DIP Loan Motion as is practicable under the circumstances. Pursuant to 11 U.S.C. §§ 102 and 364, Bankruptcy Rule 4001(c) and (d) and all applicable local rules, such notice is sufficient and appropriate under the circumstances set forth herein and presented to the Court. The Court finds that the notice given to the parties to whom it was given and in the form it was given was sufficient in the circumstances to afford reasonable notice of the material provisions of the terms hereof.

D. DIP Financing. The Debtors have requested Debtor-in-Possession financing (the "DIP Financing") from Lemonis Fischer Acquisition Company, LLC ("DIP Lender"). The Debtors have requested funding in the amount of $200,000 upon entry of this Interim Order (the "Interim DIP Loan Amount"), with the balance of the Commitment to be available upon entry of a final order from the Bankruptcy Court. The documents constituting the DIP loan (collectively, the "DIP Loan Agreement") are to be executed by the parties and are attached as Exhibit B

*Approved by Judge Michael Kaplan July 17, 2014*

Document Page 4 of 14

(Page 4)
Debtors: CRUMBS BAKE SHOP, INC., *et al.*
Case Nos. 14-24287 (MBK)
Caption of Order: INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN POST-PETITION FINANCING; (II) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL; AND (III) GRANTING OTHER RELIEF

---

hereto and incorporated by reference. Capitalized terms used in this Interim DIP Loan Order and not defined herein have the meaning given in the DIP Loan Agreement. Pursuant to the terms of the DIP Loan Agreement, DIP Lender will be granted a super-priority administrative expense claim and a first priority lien on the assets of the Debtors as more fully described therein, subject only to the Carve-Out (as defined in the DIP Loan Agreement). The purpose of the DIP Financing is to provide funds to the Debtors to maintain the critical infrastructure of their business until a sale of the Debtors' assets can be consummated. The DIP Financing consists of a First Advance in the amount of the Interim DIP Loan Amount, and then Subsequent Advances drawn in accordance with the DIP Loan Agreement and orders of the Bankruptcy Court up to the total amount of the stated Commitment. The interest rate to be utilized is 7%.

E. Need for DIP Financing. The Debtors urgently require financing under Section 364 of the Bankruptcy Code to fund certain expenses in connection with its limited operations and to preserve the value of its assets, including payments for payroll and insurance. An inability to fund such activities in the short term could result in a long-term negative impact on the value of the assets and business of the Debtors to the detriment of the Debtors' creditors, customers and employees.

F. Pre-Petition Credit Facility and Pre-Petition Liens. On January 20, 2014, the Debtors (then as the "Borrowers") entered into a Senior Secured Loan and Security Agreement with Fischer Enterprises, L.L.C. ("Fischer Enterprises"), as amended by First Amendment to

*Approved by Judge Michael Kaplan July 17, 2014*

(Page 5)
Debtors: CRUMBS BAKE SHOP, INC., *et al.*
Case Nos. 14-24287 (MBK)
Caption of Order: INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN POST-PETITION FINANCING; (II) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL; AND (III) GRANTING OTHER RELIEF

---

Senior Secured Loan and Security Agreement dated July 10, 2014, comprised of a loan and security agreement and corresponding note in the amount of $5,514,245.30 (the "Pre-Petition Loan Documents"), pursuant to which Borrowers gave as security to Fischer Enterprises first-priority perfected liens in all of the Borrowers' property then-owned or after-acquired property (the "Pre-Petition Liens"). On July 10, 2014, Fischer Enterprises assigned all of its interests in and under the Pre-Petition Loan Documents and Pre-Petition Liens to DIP Lender. Fischer Enterprises does not object to the entry of this Interim DIP Loan Order.

G. Insufficient Cash Collateral; No Other Sources of Funds. The Debtors have inadequate working capital, and do not anticipate collecting sufficient cash during the term of the DIP Loan Agreement to fund expenses which the Debtors need to incur in order to maintain their limited activities or preserve their value. All of the Debtors' cash on hand as of the Petition Date is cash collateral (the "Cash Collateral") in which the DIP Lender has an existing prior and perfected security interest pursuant to the Pre-Petition Loan Documents assigned to DIP Lender by Fischer Enterprises. Cash Collateral shall exclude the Cash Collateral Accounts (defined herein) only to the extent of the outstanding obligations under the letters of credit and Commercial Credit Card described in paragraph 2 of this Order. Any funds in the Cash Collateral Accounts in excess of the Debtors' outstanding obligations under the letters of credit and Commercial Credit Card shall be Cash Collateral upon release of the excess funds to the Debtors. DIP Lender has consented to the limited use of its Cash Collateral, but such Cash

*Approved by Judge Michael Kaplan July 17, 2014*

(Page 6)
Debtors: CRUMBS BAKE SHOP, INC., *et al.*
Case Nos. 14-24287 (MBK)
Caption of Order: INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN POST-PETITION FINANCING; (II) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL; AND (III) GRANTING OTHER RELIEF

---

Collateral will be insufficient to sustain the Debtors' operations until a sale of assets can be negotiated and consummated. As contemplated by sections 364(a) and 364(b) of the Bankruptcy Code, the Debtors have attempted, but are unable to obtain on any basis, either unsecured credit or secured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense, on terms more favorable than those now offered by DIP Lender.

H. Business Judgment and Good Faith. The terms of this Interim DIP Loan Order, the DIP Loan Agreement and the Debtors' proposed use of DIP Lender's Cash Collateral have been negotiated at arms-length with all parties represented by experienced counsel, are fair, just and reasonable under the circumstances. They are made for reasonably equivalent value and fair consideration, reflect the exercise of prudent business judgment consistent with the Debtors' fiduciary responsibilities, and are in good faith as that term is used in section 364(e) of the Bankruptcy Code. In making advances under this DIP Loan Order, DIP Lender is entitled to the protections described in section 364(e) of the Bankruptcy Code.

I. Request for Immediate Entry; Good Cause Shown. The Debtors request immediate entry of this Interim DIP Loan Order pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2). The relief requested is necessary to avoid immediate and irreparable harm to the Debtors. Good cause has been shown for the entry of this Interim DIP Loan Order. Among other things, entry of this DIP Loan Order will minimize further disruption of the Debtors' business, will

*Approved by Judge Michael Kaplan July 17, 2014*

(Page 7)
Debtors: CRUMBS BAKE SHOP, INC., *et al.*
Case Nos. 14-24287 (MBK)
Caption of Order: INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN POST-PETITION FINANCING; (II) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL; AND (III) GRANTING OTHER RELIEF

---

enable the Debtors to preserve and maintain their assets, and is in the best interests of the Debtors, their creditors, and their estates.

THEREFORE, 1T IS HEREBY ORDERED THAT:

1. Authorization to Borrow.

a. The Debtors are authorized to borrow the Interim DIP Loan Amount from DIP Lender on the basis and in the amounts set forth in the DIP Loan Agreement. The Debtors are authorized to perform their obligations hereunder, and under the DIP Loan Agreement, in accordance with the terms thereof. All funds advanced pursuant to this Interim DIP Loan Order will be advanced by DIP Lender to the Debtors as provided in the DIP Loan Agreement.

b. The terms and conditions of the DIP Loan Agreement are hereby approved in their entirety and deemed fully enforceable against the Debtors and all other interested parties. The DIP Lender and the Debtors may amend, modify, supplement, or waive any provision of the DIP Loan Agreement, except as to principal amount, interest rate, and fees, without any need to apply to, or receive further approval from, this Court. The Debtors shall provide the Office of the United States Trustee and counsel for any Committee, whether now in existence or hereafter appointed, advance written notice of any such amendment, modification, supplement or waiver. Any amendment, modification, supplement or waiver regarding principal amount, interest rate or fees shall be subject to approval by the Court on appropriate notice.

*Approved by Judge Michael Kaplan July 17, 2014*

(Page 8)
Debtors: CRUMBS BAKE SHOP, INC., *et al.*
Case Nos. 14-24287 (MBK)
Caption of Order: INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN POST-PETITION FINANCING; (II) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL; AND (III) GRANTING OTHER RELIEF

c. The Debtors are authorized and directed to do and perform all acts, to make, execute and deliver all instruments, agreements, and documents, including, without limitation, the DIP Loan Agreement, and to pay all principal, interest, fees, and other expenses, which may be required or necessary for the Debtors to perform all of their obligations under this Interim DIP Loan Order and the DIP Loan Agreement.

d. The Debtors' authorization to borrow under the terms of this Interim DIP Loan Order are conditioned on the Debtors' compliance with the budgets and projections referenced in the DIP Loan Agreement, incorporated into the terms thereof and attached hereto as Exhibit C (the "Budget"). The Debtors' failure to comply with the Budget shall constitute a default of the DIP Loan Agreement which shall immediately entitle Lender to terminate its Commitment under the DIP Loan Agreement and refuse to make any further advances thereunder, without the need of further order of this Court.

2. Grant of Post-Petition Liens. As security for the obligations now existing or hereafter arising pursuant to the DIP Loan Agreement and this Interim Order, the security interests and liens in the Collateral identified in the DIP Loan Agreement, as well as those assigned pre-petition to DIP Lender by the Debtors' pre-petition lender, are hereby granted to the DIP Lender (collectively the "Post-Petition Liens"). The Post-Petition Liens shall be valid, enforceable, effective and perfected by operation of law immediately upon entry of this Interim Order without the necessity of the execution, recordation, or filing by the Debtors or the DIP

*Approved by Judge Michael Kaplan July 17, 2014*

Document Page 9 of 14

(Page 9)
Debtors: CRUMBS BAKE SHOP, INC., *et al.*
Case Nos. 14-24287 (MBK)
Caption of Order: INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN POST-PETITION FINANCING; (II) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL; AND (III) GRANTING OTHER RELIEF

---

Lender of any mortgages, security agreements, financing statements or other agreements. Pursuant to Bankruptcy Code §364(c)(2), the DIP Loan Agreement creates a valid, binding, continuing, enforceable, fully-perfected first priority senior security interest in and lien upon all presently owned or hereafter acquired property and assets of the Debtors, of any kind or nature, whether real or personal, tangible, intangible, wherever located, and all proceeds, products, rents and profits thereof, subject only to the Carve-Out.[2] The Post-Petition Liens and Carve-Out shall not attach to the cash collateral account maintained at J.P. Morgan Chase Bank, N.A. ("Chase") (Holdings account ending 9626) to secure Crumb Newark LLC's letter of credit in favor of the Port Authority of New York and New Jersey and the Debtors' obligations under their Commercial Card Classic with J.P. Morgan Chase (account ending 0635) and the cash collateral account maintained at Chase (Crumbs Downtown II, LLC account ending in 4743) to secure Crumb Downtown II LLC's letter of credit in favor of Uniway Partners (collectively, the "Cash Collateral Accounts") only to the extent of the outstanding obligations under the letters of credit and Commercial Credit Card. Any funds in the Cash Collateral Accounts in excess of the Debtors' outstanding obligations under the letters of credit and Commercial Credit Card shall be

---

[2] For the avoidance of doubt, any liens granted under this Interim Order, including, without limitation, the Post-Petition Liens, shall not be direct liens on the Debtors' leases of real property unless such liens are permitted pursuant to the underlying lease documents but such liens shall be fully perfected liens on any and all proceeds of such leases (without the need for the DIP Lender to take any further actions in connection therewith).

*Approved by Judge Michael Kaplan July 17, 2014*

Document Page 10 of 14

(Page 10)
Debtors: CRUMBS BAKE SHOP, INC., *et al.*
Case Nos. 14-24287 (MBK)
Caption of Order: INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN POST-PETITION FINANCING; (II) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL; AND (III) GRANTING OTHER RELIEF

---

subject to the Post-Petition Liens and Carve-Out. The Cash Collateral Accounts shall be deemed a Permitted Lien under the DIP Loan Agreement.

3. Additional Event of Default. An overdraft of the Debtors' bank accounts at J.P. Morgan Chase Bank, N.A. or the Debtors' initiation of unfunded ACH transfers shall constitute an Event of Default under the DIP Loan Agreement.

4. DIP Lender's Super-priority Claim. Pursuant to §364(c)(1) of the Bankruptcy Code, and subject only to the Carve-Out, all of the Debtors' obligations arising under the DIP Loan Agreement shall constitute an allowed claim ("Super-priority Claim") against the Debtors, with priority over any and all administrative expenses, diminution claims, all claims of any kind arising under this Interim DIP Loan Order or any subsequent final order, and all other claims against the Debtors, now existing or hereafter arising, of any kind whatsoever, including all administrative expenses of the kind specified in § 503(b) and § 507(b) of the Bankruptcy Code, and over any and all administrative expenses or other claims arising under sections 105, 326, 328, 330, 331, 503(b), 506(c), 507, 546(c), 726, 1113 or 1114 of the Bankruptcy Code, whether or not such expense or claims may become secured by a judgment lien or other non-consensual lien, levy or attachment, and which Super-priority Claim shall be payable from and have recourse to all pre- and post-petition property of the Debtors and all proceeds thereof, consistent with the terms of this Interim DIP Loan Order and the DIP Loan Agreement. The Super-priority Claim shall not attach to the Cash Collateral Accounts only to the extent of the outstanding

*Approved by Judge Michael Kaplan July 17, 2014*

Document Page 11 of 14

(Page 11)
Debtors: CRUMBS BAKE SHOP, INC., *et al.*
Case Nos. 14-24287 (MBK)
Caption of Order: INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN POST-PETITION FINANCING; (II) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL; AND (III) GRANTING OTHER RELIEF

---

obligation under the letters of credit and Commercial Credit Card. Any funds in the Cash Collateral Accounts in excess of the Debtors' outstanding obligations under the letters of credit and Commercial Credit Card shall be subject to the Super-priority Claims.

5. Use of Cash Collateral. The Debtors are authorized to use the Cash Collateral pursuant to and in accordance with the Budget. The Debtors' authorization to utilize Cash Collateral is expressly conditioned on its continued compliance with the Budget. The Debtors' failure to comply will constitute a breach of the DIP Loan Agreement which will entitle Lenders to immediately terminate the DIP Loan Agreement and terminate its consent to the use of Cash Collateral, without further order of this Court.

6. Automatic Stay Modification. The automatic stay imposed under §362(a) of the Bankruptcy Code is hereby modified to the extent necessary to effectuate all of the terms and provisions of this Interim DIP Loan Order, including without limitation, to permit the DIP Lender to make any filings of UCC financing statements or other filings that DIP Lender chooses to make to further evidence the perfection of its liens and security interests in the Debtors' assets and to enforce any and all remedies available to them hereunder and under the DIP Loan Agreement; provided, however, that the automatic stay shall not be deemed vacated.

7. Access to Leased Premises. Notwithstanding anything to the contrary in this Interim Order or the DIP Loan Agreement, upon the occurrence of an Event of Default, the rights of the DIP Lender to enter onto the Debtors' leased premises shall be limited to (i) any such rights

*Approved by Judge Michael Kaplan July 17, 2014*

(Page 12)
Debtors: CRUMBS BAKE SHOP, INC., *et al.*
Case Nos. 14-24287 (MBK)
Caption of Order: INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN POST-PETITION FINANCING; (II) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL; AND (III) GRANTING OTHER RELIEF

---

agreed to in writing by the applicable landlord in favor of the DIP Lender, whether before or after the Petition Date, including, without limitation, in the governing lease agreement itself or in any landlord waiver or similar agreement, (ii) any rights that the DIP Lender has under applicable non-bankruptcy law, if any, or (iii) such rights as may be granted by the Court following an expedited hearing on a separate motion with not less than five (5) business days' notice to the applicable landlords of the leased premises.

8. No Additional Filings Required for Perfection.

a. All Post-Petition Liens granted herein and the in the DIP Loan Agreement to or for the benefit of the DIP Lender shall, pursuant to this Interim DIP Loan Order be, and hereby are, valid, enforceable, and perfected effective as of the Petition Date.

b. The Debtors and the DIP Lender are hereby authorized, but not required, to file or record financing statements, mortgages, deeds of trust, leasehold mortgages, notices of lien, assignments of the liens or similar instruments in any jurisdiction. Such liens and security interests shall be deemed valid, perfected, allowed, enforceable, non avoidable, and not subject to challenge, dispute or subordination, at the time and on the date of entry of this Interim DIP Loan Order.

c. A certified copy of this Interim DIP Loan Order may, in the discretion of the DIP Lender, be filed with or recorded in any filing or recoding office in addition to or in lieu of such financing statements, mortgages, deeds of trust, leasehold mortgages, notices of lien,

*Approved by Judge Michael Kaplan July 17, 2014*

(Page 13)
Debtors: CRUMBS BAKE SHOP, INC., *et al.*
Case Nos. 14-24287 (MBK)
Caption of Order: INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN POST-PETITION FINANCING; (II) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL; AND (III) GRANTING OTHER RELIEF

---

assignments or similar instruments in any jurisdiction and all filing offices are hereby authorized and directed to accept such certified copy of this Interim DIP Loan Order for filing and recording. The DIP Lender may deliver a copy of this Interim DIP Loan Order to any third parties having possession or control of the Debtors' property, the Collateral or Cash Collateral.

9. Final Hearing and Objection Date. This matter is set for a Final Hearing at 10:00 A.m EST on July 31, 2014, in the United States Bankruptcy Court for the District of New Jersey.

a. This Interim DIP Loan Order shall authorize the DIP Loan to be advanced in the Interim DIP Loan Amount. Anything in the DIP Loan Motion or the DIP Loan Agreement to the contrary notwithstanding, additional advances under the DIP Loan Motion and the DIP Loan Agreement shall be expressly conditioned upon the entry of a Final Order in a form reasonably acceptable to the DIP Lender.

b. The Debtors shall promptly mail copies of this Interim DIP Loan Order to (i) the DIP Lender, (ii) the Office of the United States Trustee; (iii) all parties who filed requests for notices under Bankruptcy Rule 9010(b) or were entitled to notice under Bankruptcy Rule 2002, (iv) the consolidated thirty largest unsecured creditors and (v) the members of any Committee formed in this case together with counsel selected by such Committee. Any objections shall be in writing and shall be filed with the Clerk of this Court on or before July 28, 2014, at 4:00 p.m. EST ("Objection Deadline"). Any objections by any party-in-interest

*Approved by Judge Michael Kaplan July 17, 2014*

Document Page 14 of 14

(Page 14)
Debtors: CRUMBS BAKE SHOP, INC., *et al.*
Case Nos. 14-24287 (MBK)
Caption of Order: INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN POST-PETITION FINANCING; (II) AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL; AND (III) GRANTING OTHER RELIEF

---

shall be deemed waived unless filed and received in accordance with the foregoing on or before the Objection Deadline.

c. In the event this Court modifies any of the provisions of this Interim DIP Loan Order or the DIP Loan Agreement following such Final Hearing, such modification shall not affect the rights and priorities of the DIP Lender pursuant to this Interim DIP Loan Order, and this Interim Order shall remain in full force and effect except as specifically modified pursuant to such Final Hearing.

*Approved by Judge Michael Kaplan July 17, 2014*