Order Filed on
**8/27/2014**
by Clerk U.S. Bankruptcy
Court District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

---

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
Michael D. Sirota
David M. Bass
Felice R. Yudkin
(201) 489-3000
(201) 489-1536 Facsimile
Attorneys for Debtors-In-Possession

| | |
|---|---|
| In re:<br><br>CRUMBS BAKE SHOP, INC., *et al.*,[1]<br><br>        Debtors-in-Possession. | Case No. 14-24287 (MBK)<br>Judge:  Michael B. Kaplan<br><br>Chapter 11<br>(Jointly Administration Pending) |

**ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS
FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS,
(II) AUTHORIZING AND APPROVING THE ASSUMPTION AND ASSIGNMENT
OF CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY
IN CONNECTION WITH THE SALE, AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through thirty (30), is

hereby **ORDERED**.

**DATED: 8/27/2014**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number are:  Crumbs Bake Shop, Inc. (5274); Crumbs Holdings LLC (8045); Crumbs 42nd Street II, LLC (5913); Crumbs Broad Street, LLC (5319); Crumbs Broadway LLC (2653); Crumbs Federal Street, LLC (9870); Crumbs Garment Center LLC (5142); Crumbs Grand Central LLC (5030); Crumbs Greenvale LLC (6562); Crumbs Greenwich, LLC (3097); Crumbs Hoboken, LLC (5808); Crumbs II, LLC (5633); Crumbs Larchmont, LLC (8460); Crumbs Lexington LLC (0286); Crumbs Park Avenue LLC (5273); Crumbs Retail Bake Shops, LLC (f/k/a Crumbs Fulton Street, LLC) (0930); Crumbs Stamford, LLC (8692); Crumbs Third Avenue LLC (6756); Crumbs Times Square LLC (1449); Crumbs Union Square LLC (8629); Crumbs Union Station LLC (6968); Crumbs West Madison, LLC (5017); Crumbs Woodbury LLC (2588).

Page 2
Debtors:      CRUMBS BAKE SHOP, INC., *et al.*
Case Nos.     14-24287 (MBK)
Caption:      ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
              APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
              ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
              INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
              AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
              RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
              AND (III) GRANTING RELATED RELIEF

---

THIS MATTER having been opened to the Court by Crumbs Bake Shop, Inc*., et al.*, the

above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), by and through

their counsel, Cole, Schotz, Meisel, Forman & Leonard, P.A., upon the motion (the "**Motion**")

pursuant to 11 U.S.C. §§ 363 and 365 and Fed. R. Bankr. P. 6004 for an Order: (i) authorizing

the Debtors' sale (the "**Sale**") of the Purchased Assets to Lemonis Fischer Acquisition Company,

LLC ("**Purchaser**"), pursuant to an Asset Purchase Agreement between the Debtors and

Purchaser, dated as of July 11, 2014 (the "**Purchase Agreement**"), free and clear of liens,

claims, interests or encumbrances, (ii) authorizing the assumption and assignment of certain

executory contracts and unexpired leases of non-residential real property in connection

therewith, and (iii) approving the Purchase Agreement and the transactions set forth therein; and

upon this Court's *Order (I) Approving Bidding Procedures for Sale of Substantially All of the*

*Assets of the Estates, (II) Approving  Expense Reimbursement,(III) Approving Notice*

*Procedures, (IV) Approving Assumption and Assignment Procedures, and (V) Scheduling a Sale*

*Hearing* dated July 25, 2014 [Docket No. 79] (the "**Sale Procedures Order**"), approving, *inter*

*alia,* certain bidding procedures and scheduling an auction (the "**Auction**"), if applicable, in

connection with the Debtors' sale of the Purchased Assets and certain other assets; and Purchaser

having presented the highest and otherwise best bid for the Purchased Assets, there having been

no other Qualified Bid and the Auction having been cancelled; and upon the record of the

hearing to consider approval of the proposed Sale (the "**Sale Hearing**"); and the Court having

considered the Motion, objections filed thereto, including, (i) Objection of 303 Madison

Chicago, LLC to Motion of Crumbs West Madison, LLC to Assume and Assign Terminated

*Approved by Judge Michael Kaplan  August  27, 2014*

Page 3

| | |
|---|---|
| Debtors: | CRUMBS BAKE SHOP, INC., *et al.* |
| Case Nos. | 14-24287 (MBK) |
| Caption: | ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE, AND (III) GRANTING RELATED RELIEF |

Store Lease [Docket No. 132] (the "**West Madison Objection**"), which Objection is moot;[2] (ii) Limited Objection of Simon Property Group, Inc. to Debtors Motion re: Sale/Bidding Procedures [Docket No. 134] (the "**Simon Objection**"); (iii) BP Prucenter Acquisition LLC's Limited Objection to Debtors Motion re: Sale/Bidding Procedures [Docket No. 135], which Limited Objection having been withdrawn [Docket No. 161]; (iv) Limited Cure Objection of Paradigm 44-48 West Putnam Avenue, LLC [Docket No. 136] (the "**Paradigm Objection**"); (v) Objection to Proposed Assumption and Assignment of Debtor's Lease with Larchmont Properties, Ltd. [Docket No. 144] (the "**Larchmont Objection**"); (vi) Objection of GGP Limited Partnership (the "**GGP Landlords**") to Debtors Notice of Possible Assumption and Assignment [Docket No. 145] (the "**GGP I Objection**"); (vii) Objection of GGP Limited Partnership to Debtors Motion (re: Sale/Bidding Procedures) [Docket No. 146] (the "**GGP II Objection**" and together with the GGP I Objection, the "**GGP Objections**"); (viii) PPF Off Two Park Avenue Owner, LLC's Objection to (1) Sale/Bidding Procedures Motion and (2) Proposed Cure Amount [Docket No. 147] (the "**Park Avenue Objection**") and (ix) Objection of University Place Associates LLC dated August 22, 2014 (the "**University Place Objection**") (collectively, to the extent not previously withdrawn, the "**Objections**"), the statements of counsel, and any testimony or offer of proof as to testimony that may have been presented at the Sale Hearing, and any other responses and objections to the Motion, including reservations of rights; and the Court

---

[2] Because the lease with West Madison LLC was terminated by the landlord prior to the Filing Date (as set forth in the West Madison Objection), the Debtors will not seek to assume and assign this lease and, therefore, the West Madison Objection is moot.

*Approved by Judge Michael Kaplan  August  27, 2014*

Page 4
Debtors:     CRUMBS BAKE SHOP, INC., *et al.*
Case Nos.    14-24287 (MBK)
Caption:     ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
             APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
             ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
             INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
             AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
             RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
             AND (III) GRANTING RELATED RELIEF

---

having determined that the relief requested by the Motion is proper, lawful, necessary,

appropriate and in the best interests of the Debtors, their estates, creditors and direct and indirect

equity holders, and all parties-in-interest, and upon record of the Sale Hearing, including without

limitation, the reasons set forth by the Court in the record as to why approval of the Purchase

Agreement is in the best interests of the Debtors' estates; and after due deliberation and

sufficient cause appearing therefore; it is hereby

**FOUND AND DETERMINED THAT:**

      A.     The findings and conclusions set forth herein constitute the Court's findings

of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this

proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of

fact constitute conclusions of law, they are adopted as such. To the extent any of the

following conclusions of law constitute findings of fact, they are adopted as such.

      B.     Notice of the Motion, and of the Sale Hearing, the Auction, the cancellation

of the Auction, and the Debtors' proposed assumption and assignment of the Assumed

Contracts/Leases (as defined below) and any related Cure Costs, if any, was given in

accordance with the directive of the Court and as otherwise required by applicable law, as

evidenced by the affidavits of service on file with the Clerk of the Court.

      C.     The notice provided of the Motion, the Sale Hearing, the Auction, the

cancellation of the Auction, and the Debtors' proposed assumption and assignment of the

Assumed Contracts/Leases and the Cure Costs with respect thereto, if any, was fair,

*Approved by Judge Michael Kaplan  August  27, 2014*

Page 5
Debtors:      CRUMBS BAKE SHOP, INC., *et al.*
Case Nos.     14-24287 (MBK)
Caption:      ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
              APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
              ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
              INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
              AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
              RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
              AND (III) GRANTING RELATED RELIEF

---

reasonable and sufficient under the circumstances, and any otherwise applicable requirement

for notice is hereby waived and dispensed with.

   D.     The Debtors have complied in all material respects with the Sale Procedures

Order and have duly and properly implemented the procedures contemplated thereby.  The

Sale of the Purchased Assets pursuant to the Purchase Agreement has been conducted

pursuant to a fair and equitable process.  In accordance with the Sale Procedures Order,

potential bidders were afforded a reasonable opportunity to submit competing bids by 12:00

p.m. on August 19, 2014.  In accordance with the Sale Procedures Order and the bidding

procedures provided thereunder, there having been no Qualified Bids other than the Qualified

Bid of Purchaser, the Debtors cancelled the Auction on August 20, 2014.

   E.     The record establishes that there are (i) good, valid and sound business

purposes for the Sale of the Purchased Assets, the assumption and assignment of the

Assumed Contracts/Leases, as applicable, to be assumed by the Debtors and assigned to

Purchaser under the Purchase Agreement and (ii) compelling circumstances for the

Debtors' entry into the Purchase Agreement and the consummation of the transactions

contemplated thereby pursuant to Section 363(b) of the Bankruptcy Code prior to

confirmation of a Chapter 11 plan.

   F.     The consideration to be paid under the Purchase Agreement is fair and

reasonable under the circumstances of these Chapter 11 cases, no other entity has submitted a

Qualified Bid (or any Bid) providing greater economic value to the Debtors' estates than

Purchaser's proposal as set forth in the Purchase Agreement, and Purchaser's offer is the

*Approved by Judge Michael Kaplan  August  27, 2014*

Page 6
Debtors:      CRUMBS BAKE SHOP, INC., *et al.*
Case Nos.     14-24287 (MBK)
Caption:      ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
              APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
              ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
              INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
              AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
              RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
              AND (III) GRANTING RELATED RELIEF

---

highest, best, and only offer for the Purchased Assets. The transactions contemplated in the

Purchase Agreement will provide a greater recovery with respect to the Purchased Assets for

the Debtors' creditors than would be provided by any other practical and available

alternative.

      G.     Each entity that claims any interest in any of the Purchased Assets has either

consented to the Sale or could be compelled in a legal or equitable proceeding to accept a

money satisfaction of such interest.

      H.     One or more of the Debtors is the sole and lawful owner of the Purchased

Assets.  Accordingly, the transfer of the Purchased Assets to Purchaser is or will be a legal,

valid and effective transfer of the Purchased Assets, and will vest Purchaser with all right,

title and interest in and to the Purchased Assets, free and clear of all Liens and Claims

(except as otherwise set forth herein) pursuant to, and to the fullest extent permitted by,

Section 363(f) of the Bankruptcy Code and all other applicable laws, except with respect to

those Liens and Claims explicitly and expressly assumed by Purchaser in the Purchase

Agreement.

      I.     Adequate assurance exists that Purchaser will fully perform all future

obligations under (i) the Assumed Contracts to be assumed by the Debtors and assigned to

Purchaser under the Purchase Agreement and (ii) those leases of non-residential real property

as set forth on Schedule 2.6(c) to the Asset Purchase Agreement (the "**Leases**").  Assumption

and assignment of the Assumed Contracts, including Leases, as identified on **Exhibit "A"**

*Approved by Judge Michael Kaplan  August  27, 2014*

Page 7
Debtors:        CRUMBS BAKE SHOP, INC., *et al.*
Case Nos.       14-24287 (MBK)
Caption:        ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
                APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
                ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
                INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
                AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
                RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
                AND (III) GRANTING RELATED RELIEF

---

hereto, is an appropriate exercise of the Debtors' business judgment. The Debtors believe

that each of the Assumed Contracts and the Leases is valid and enforceable.

    J.      The Debtors and Purchaser have at all times acted in good faith and in

accordance with applicable law.  Purchaser is acting in good faith within the meaning of

Section 363(m) of the Bankruptcy Code.  The Sale of the Purchased Assets to Purchaser

pursuant to the Purchase Agreement is a sale in good faith within the meaning of Section

363(m) of the Bankruptcy Code, and Purchaser is entitled to the protections of Section

363(m).  None of the Purchase Agreement, the transactions contemplated therein or

Purchaser's actions chilled or adversely impacted a fair, competitive, and open Auction

process.  Purchaser has not violated Section 363(n) of the Bankruptcy Code by any action or

inaction, and there has been no evidence presented to this Court that the Sale price was

controlled by any agreement among potential bidders or that any activity prohibited by

Section 363(n) of the Bankruptcy Code has occurred.

    K.      The Debtors have full authority and power to execute and deliver the

Purchase Agreement and related agreements and all other documents contemplated by the

Purchase Agreement, to perform the obligations thereunder, and to consummate the

transactions contemplated thereby and the execution, delivery and performance of the

Purchase Agreement and the documents to be executed and delivered by the Debtors

pursuant thereto and the Sale of the Purchased Assets, pursuant to the Purchase Agreement,

has been duly and validly authorized by all necessary action.  No other consents or approvals

*Approved by Judge Michael Kaplan  August  27, 2014*

Page 8
Debtors:        CRUMBS BAKE SHOP, INC., *et al.*
Case Nos.       14-24287 (MBK)
Caption:        ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
                APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
                ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
                INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
                AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
                RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
                AND (III) GRANTING RELATED RELIEF

are necessary or required for the Debtors to enter into the Purchase Agreement, perform their

obligations thereunder and consummate the transactions contemplated thereby.

L.      The Debtors may sell the Purchased Assets free and clear of all liens, claims,

encumbrances, and interests against the Debtors, their estates or any of the Purchased Assets,

including but not limited to any lien, claim, encumbrance or interest for taxes in respect of

the Purchased Assets for years prior to the Closing Date (whether or not assessed) because

one or more of the standards set forth in Section 363(f)(1)-(5) of the Bankruptcy Code has or

have been satisfied. Those holders of liens, claims, encumbrances, and interests against any

of the Debtors, their estates or any of the Purchased Assets who did not object, or who

withdrew their objections, to the Sale or the Motion are deemed to have consented pursuant

to Section 363(f)(2) of the Bankruptcy Code. Those holders of liens, claims, encumbrances,

and interests who did object, who did not object, or who withdrew their objections fall within

one or more of the other subsections of Section 363(f) and are adequately protected.

Purchaser, as Lender under the Pre-Petition Loan Documents and the DIP Credit

Agreement, has consented to the sale of the Purchased Assets free and clear of the liens,

claims, and interests thereunder.

M.      Purchaser would not have entered into the Purchase Agreement and would

not consummate the transactions contemplated thereby, thus materially adversely affecting

the Debtors, their estates, and their creditors, if the Sale of the Purchased Assets and the

assignment of the Assumed Contracts/ Leases to Purchaser were not free and clear of all

Liens and Claims (as defined in paragraph 3 below) against the Debtors, their estates or the

*Approved by Judge Michael Kaplan  August  27, 2014*

Page 9
Debtors:        CRUMBS BAKE SHOP, INC., *et al.*
Case Nos.       14-24287 (MBK)
Caption:        ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
                APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
                ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
                INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
                AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
                RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
                AND (III) GRANTING RELATED RELIEF

---

Purchased Assets, and encumbrances (except as otherwise expressly stated as obligations of

Purchaser under the Purchase Agreement), or if Purchaser would be liable for any Excluded

Liabilities, including, without limitation, those listed in Section 2.2 of the Purchase

Agreement.

      N.      Purchaser is not holding itself out to the public as a continuation of the

Debtors or their respective estates, and neither Purchaser nor its affiliates, successors or

assigns, as a result of any action taken in connection with the purchase of the Purchased

Assets: (i) are a successor to one or more of the Debtors; (ii) have, de facto or otherwise,

merged with or into one or more of the Debtors; or (iii) are a continuation or substantial

continuation of one or more of the Debtors or any enterprise of one or more of the Debtors.  It

is necessary and appropriate for the Court to retain jurisdiction to, among other things,

interpret and enforce the terms and provisions of this Order and the Purchase Agreement, and

to adjudicate, if necessary, any and all disputes concerning or relating in any way to, or

affecting, any of the transactions contemplated under the Purchase Agreement, including,

without limitation, the assumption and assignment of the Assumed Contracts and/or the

Leases, as applicable, to Purchaser.

      O.      This Order constitutes a final and appealable order within the meaning of 28

U.S.C. § 158(a). Notwithstanding Fed. R. Bankr. P. 6004(h) and 6006(d), and to any extent

necessary under Fed. R. Bankr. P. 9014 and Rule 54(b) of the Federal Rules of Civil

Procedure, as made applicable by Fed. R. Bankr. P. 7054, the Court expressly finds that there

*Approved by Judge Michael Kaplan  August  27, 2014*

Page 10
Debtors:      CRUMBS BAKE SHOP, INC., *et al.*
Case Nos.    14-24287 (MBK)
Caption:      ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
AND (III) GRANTING RELATED RELIEF

---

is no just reason for delay in the implementation of this Order, and expressly directs entry of

judgment as set forth herein.

**IT IS HEREBY ORDERED AS FOLLOWS**:

1.      The Motion is granted in accordance with the provisions of this Order.  All

Objections to the Motion that have not been withdrawn, waived, settled, or specifically addressed

in this Order, and all reservations of rights included in such objections, are overruled in all

respects on the merits and denied.

2.      Pursuant to Section 363 of the Bankruptcy Code, the Debtors are authorized and

directed to sell, or cause to be sold, the Purchased Assets to Purchaser, without further application

to or order of this Court and upon the terms and conditions of the Purchase Agreement and any

related agreements.  The Debtors are further authorized and directed to take such steps and to

execute such documents as are reasonably necessary to give effect to the transfers and

transactions contemplated under the Purchase Agreement.  Closing on the Sale of the Purchased

Assets (the "**Closing**") shall be held after satisfaction and fulfillment or waiver of the conditions

to the Closing set forth in the Purchase Agreement.  In the event that all of the conditions to

Closing set forth in the Purchase Agreement have not been satisfied, fulfilled or waived, but

subject to the Purchase Agreement, Purchaser shall not be required to close on the Sale of the

Purchased Assets as set forth in the Purchase Agreement.

*Approved by Judge Michael Kaplan  August  27, 2014*

Page 11
Debtors:      CRUMBS BAKE SHOP, INC., *et al.*
Case Nos.     14-24287 (MBK)
Caption:      ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
              APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
              ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
              INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
              AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
              RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
              AND (III) GRANTING RELATED RELIEF

---

3.      The transfer of the Purchased Assets to Purchaser shall constitute a legal, valid

and effective transfer.  Except to the extent otherwise provided for in the Purchase Agreement or

this Order, title and interest in and to the Purchased Assets shall pass to Purchaser at Closing free

and clear of all liens (as that term is defined in section 101(37) of the Bankruptcy Code), claims

(including, but not limited to, any "claim" as defined in Section 101(5) of the Bankruptcy Code),

interests, and encumbrances, including, but not limited to, any lien (statutory or otherwise),

hypothecation, encumbrance, liability, security interest, interest, mortgage, pledge, restriction,

charge, instrument, license, preference, priority, security agreement, easement, covenant,

reclamation claim, pledge, hypothecation, cause of action, suit, contract, right of first refusal,

offset, recoupment, right of recovery, covenant,  encroachment, option, right of recovery, alter-

ego claim, environmental claim, successor liability claim, tax (including foreign, federal, state and

local tax), Governmental Order, of any kind or nature (including (a) any conditional sale or other

title retention agreement and any lease having substantially the same effect as any of the

foregoing, (b) any assignment or deposit arrangement in the nature of a security device, (c) any

claim based on any theory that Purchaser is a successor, transferee or continuation of any of the

Debtors, or (d) any leasehold interest, license or other right, in favor of a third party or the

Debtors, to use any portion of the Purchased Assets), whether secured or unsecured, choate or

inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or

unrecorded, contingent or non-contingent, perfected or unperfected, allowed or disallowed,

*Approved by Judge Michael Kaplan  August  27, 2014*

Page 12
Debtors:    CRUMBS BAKE SHOP, INC., *et al.*
Case Nos.   14-24287 (MBK)
Caption:    ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
            APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
            ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
            INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
            AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
            RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
            AND (III) GRANTING RELATED RELIEF

---

liquidated or unliquidated, matured or unmatured, disputed or undisputed, material or non-

material, known or unknown (other than Permitted Exceptions) (referred to collectively, whether

having arisen, been incurred or accrued prepetition and postpetition, whether imposed by

agreement, understanding, law, equity or otherwise, as the "**Liens and Claims**"), pursuant to

Section 363(f) of the Bankruptcy Code, with all such Liens and Claims upon the Purchased Assets

to be unconditionally released, discharged and terminated.

4.      No bulk sales law or any similar law of any state or other jurisdiction applies in

any way to the Sale.

5.      The Purchase Agreement between Purchaser and the Debtors and each of the

terms thereof and the transaction contemplated thereby, are approved. The Debtors are

authorized and directed to execute and deliver such other documents and take such other actions

as may be necessary, desirable or appropriate to effect, implement, and/or consummate the

Purchase Agreement, the sale of the Purchased Assets and all other transactions described in the

Purchase Agreement, without further application to or order of this Court.

6.      The provisions of this Order authorizing the Sale of the Purchased Assets by

Purchaser free and clear of Liens and Claims to the extent hereinafter provided shall be self-

executing, and neither the Debtors, Purchaser nor any other party shall be required to execute or

file releases, termination statements, assignments, cancellations, consents or other instruments to

effectuate, consummate and/or implement the provisions hereof with respect to such Sale;

*Approved by Judge Michael Kaplan  August  27, 2014*

Page 13
Debtors:     CRUMBS BAKE SHOP, INC., *et al.*
Case Nos.    14-24287 (MBK)
Caption:     ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
             APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
             ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
             INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
             AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
             RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
             AND (III) GRANTING RELATED RELIEF

---

provided, however, that this paragraph shall not excuse such parties from performing any and

all of their respective obligations under the Purchase Agreement.

7.       If any person or entity which has filed statements or other documents or

agreements evidencing Liens and Claims on, or interests in, the Purchased Assets shall not have

delivered to the Debtors prior to the Closing, in proper form for filing and executed by the

appropriate parties, termination statements, instruments of satisfaction, releases of liens and

easements, and any other documents necessary for the purpose of documenting the release of all

Liens and Claims which the person or entity has or may assert with respect to the Purchased

Assets, the Debtors are hereby authorized and directed, and Purchaser is hereby authorized, to

execute and file such statements, instruments, releases and other documents on behalf of such

person or entity with respect to the Purchased Assets.

8.       The terms and provisions of this Order shall be binding in all respects upon the

Debtors, their estates, and any trustee thereof, and all creditors and members of the Debtors, all

interested parties and their respective successors and assigns, including but not limited to, any

creditor asserting a Lien or Claim in the Purchased Assets.

9.       A certified copy of this Order may be filed with the appropriate clerk and/or

recorded with the recorder to act to cancel the Liens and Claims and other encumbrances of

record with respect to the Purchased Assets.

*Approved by Judge Michael Kaplan  August  27, 2014*

Page 14
Debtors:      CRUMBS BAKE SHOP, INC., *et al.*
Case Nos.     14-24287 (MBK)
Caption:      ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
              APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
              ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
              INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
              AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
              RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
              AND (III) GRANTING RELATED RELIEF

---

10.     This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby authorized to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

11.     Any and all governmental recording offices and all other parties, persons or entities are authorized to accept this Order for recordation on or after the Closing as conclusive evidence of the free and clear, unencumbered transfer of title to the Purchased Assets conveyed to Purchaser at Closing.

12.     To the greatest extent available under applicable law, Purchaser shall be authorized, as of the date of the Closing, to operate under any license, permit, registration and governmental authorization or approval of the Debtors with respect to the Purchased Assets, and all such licenses, permits, registrations and governmental authorizations and approvals are

*Approved by Judge Michael Kaplan  August 27, 2014*

Page 15
Debtors:      CRUMBS BAKE SHOP, INC., *et al.*
Case Nos.     14-24287 (MBK)
Caption:      ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
              APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
              ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
              INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
              AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
              RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
              AND (III) GRANTING RELATED RELIEF

deemed to have been, and hereby are, directed to be transferred to Purchaser as of the date of the

Closing.

13.      Consummation of the Purchase Agreement does not effect a de facto merger of

one or more of the Debtors and Purchaser or result in the continuation of one or more of the

Debtors' businesses under Purchaser's control.  Purchaser is not (and shall not be deemed to be)

the alter ego of or a successor in interest to any of the Debtors.

14.      Except as expressly provided in the Purchase Agreement or this Order,

Purchaser is not assuming nor shall it or any affiliate of Purchaser be in any way liable or

responsible, as a successor or otherwise, for any liabilities, debts, or obligations of the Debtors in

any way whatsoever relating to or arising from the Debtors' ownership or use of the Purchased

Assets prior to the consummation of the transactions contemplated by the Purchase Agreement,

or any liabilities calculable by reference to the Debtors or their operations or the Purchased

Assets, or relating to continuing or other conditions existing on or prior to consummation of the

transactions contemplated by the Purchase Agreement, which liabilities, debts, and obligations

are hereby extinguished insofar as they may give rise to liability, successor or otherwise, against

Purchaser or any affiliate of Purchaser.

15.      The assumption and assignment of any Assumed Contract shall not constitute

an assumption, either expressed or implied, of any employment or collective bargaining

obligations of any of the Debtors under contract or under any statute or common law, or under

*Approved by Judge Michael Kaplan  August  27, 2014*

Page 16
Debtors:     CRUMBS BAKE SHOP, INC., *et al.*
Case Nos.   14-24287 (MBK)
Caption:    ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
            APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
            ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
            INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
            AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
            RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
            AND (III) GRANTING RELATED RELIEF

---

any employee pension, welfare or benefit plan. Purchaser is not assuming any collective

bargaining agreement and, except as expressly provided in the Purchase Agreement, shall have

no obligation to pay wages, severance pay, benefits (including, without limitation, contributions

or payments on account of any under-funding or withdrawal liability with respect to any and all

pension plans).

16.     Effective upon the date of the Closing, and except as otherwise provided in this

Order, all persons, governmental units (as defined in Sections 101(27) and 101(41) of the

Bankruptcy Code), and/or entities are forever prohibited and enjoined from commencing or

continuing in any manner any action or other proceeding, whether in law or equity, in any

judicial, administrative, arbitral or other proceeding against Purchaser, its affiliates and it

successors and assigns, or the Purchased Assets, with respect to any (a) Liens and Claims arising

under, out of, in connection with or in any way relating to the Debtors, Purchaser, the Purchased

Assets, or the operation of the Purchased Assets prior to the Closing of the Sale, or (b) successor

liability, including, without limitation, the following actions: (i) commencing or continuing in

any manner any action or other proceeding against Purchaser, its successors and assigns, assets

or properties; (ii) enforcing, attaching, collecting or recovering in any manner any judgment,

award, decree or order against Purchaser, its successors and assigns, assets or properties; (iii)

creating, perfecting or enforcing any Liens or Claims against Purchaser, its successors and

assigns, assets or properties; (iv) asserting any setoff, right of subrogation or recoupment of any

*Approved by Judge Michael Kaplan  August  27, 2014*

Page 17
Debtors:        CRUMBS BAKE SHOP, INC., *et al.*
Case Nos.       14-24287 (MBK)
Caption:        ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
                APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
                ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
                INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
                AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
                RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
                AND (III) GRANTING RELATED RELIEF

kind against any obligation due Purchaser or its successors and assigns; (v) commencing or

continuing any action, in any manner or place, that does not comply or is inconsistent with the

provisions of this Order or other orders of the Court, or the agreements or actions contemplated

or taken in respect thereof; or (vi) revoking, terminating or failing or refusing to issue or renew

any license, permit or authorization to operate any of the Purchased Assets or conduct any of

the businesses operated with the Purchased Assets.  Notwithstanding the foregoing, nothing in

this paragraph 16 shall prevent the United States Trustee from seeking recovery of amounts

payable pursuant to 28 U.S.C. § 1930(a)(6) and any fees due to the clerk of the Bankruptcy Court

from Purchaser (but solely to the extent Purchaser is liable).

17.     All persons and entities that are in possession of some or all of the Purchased

Assets on the Closing Date are directed to surrender possession of such Purchased Assets to

Purchaser or its designee at the Closing.

18.     The consideration provided by Purchaser for the Purchased Assets pursuant to

the Purchase Agreement shall be deemed to constitute reasonably equivalent value and fair

consideration under the Bankruptcy Code and under the laws of the United States, any state,

territory, possession, or the District of Columbia.  The sale of the Purchased Assets to Purchaser

pursuant to the Purchase Agreement and this Order is free from any fraudulent intent, purpose or

desire on the part of Purchaser or the Debtors to escape liability for any obligations of the

Debtors or for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy

*Approved by Judge Michael Kaplan  August 27, 2014*

Page 18
Debtors:        CRUMBS BAKE SHOP, INC., *et al.*
Case Nos.       14-24287 (MBK)
Caption:        ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
                APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
                ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
                INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
                AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
                RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
                AND (III) GRANTING RELATED RELIEF

---

Code under the laws of the United States, any state, territory, possession, or the District of

Columbia.

19.     Purchaser shall be entitled to the protection of Section 363(m) of the

Bankruptcy Code if this Order or any authorization contained herein is reversed or modified on

appeal.  The purchase by Purchaser of the Purchased Assets is in good faith for fair value within

the meaning of Section 363(m) of the Bankruptcy Code.  Accordingly, the reversal or

modification or appeal of this Order shall not affect the validity of the transfer of the Purchased

Assets to Purchaser unless the transfer is stayed pending appeal prior to the Closing.

20.     The transactions contemplated in the Purchase Agreement may not be avoided,

and no damages may be assessed against Purchaser under Section 363(n) of the Bankruptcy

Code.  The consideration set forth in the Purchase Agreement in exchange for the Purchased

Assets is, and shall be deemed to constitute, reasonably equivalent value and fair consideration.

21.     Subject to and conditioned upon the Closing of the Sale and payment of

amounts due under the Purchase Agreement, all requirements and conditions under Sections 363

and 365 of the Bankruptcy Code for the assumption and assignment to Purchaser of the Assumed

Contracts shall have been satisfied.  The Debtors are hereby authorized and directed to assume

the Assumed Contracts as set forth in the Purchase Agreement and to assign such Assumed

Contracts to Purchaser, without further application to or order of the Court.  The counterparties

to any Assumed Contract/ Lease shall be obligated to perform under their respective lease or

*Approved by Judge Michael Kaplan  August  27, 2014*

Page 19
Debtors:      CRUMBS BAKE SHOP, INC., *et al.*
Case Nos.     14-24287 (MBK)
Caption:      ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
              APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
              ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
              INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
              AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
              RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
              AND (III) GRANTING RELATED RELIEF

---

contract, subject to the terms thereof.  Except as provided herein, any counterparty to any

Assumed Contract/ Lease that failed to file a timely objection to the applicable cure schedule

with respect to each respective *Notice Of Possible Assumption And Assignment Of Certain*

*Executory Contracts And Unexpired Leases In Connection With The Sale Of Substantially All*

*The Debtors' Assets* filed and served by the Debtors on July 29, 2014 [Docket No. 86] (the

"**Cure Schedules**") shall not be permitted to claim that any additional amounts are due or

defaults exist, or additional conditions to assignment must be satisfied, other than the Cure Costs

set forth in the Cure Schedules or as set forth on Exhibit "A" hereto (with the Cure Costs set

forth on Exhibit "A" to control over the Cure Schedules), which are the sole amounts necessary

under Sections 365(b)(1)(A) and (B) and 365(f)(2)(A) of the Bankruptcy Code to cure all

monetary defaults and pay all actual pecuniary losses under the Assumed Contracts/ Leases, as

applicable.  The right to challenge the amounts reflected in the Cure Schedule, for any party that

timely filed an objection to the Cure Schedule, including any pending objections, shall be

preserved, and shall be addressed at a subsequent hearing, if such disputed Cure Costs cannot be

resolved by the parties.

        22.     Upon the Closing, the Assumed Contracts identified on Exhibit "A" to this

Order shall be assumed by the Debtors, assigned to and vested in Purchaser.  The Cure Cost

identified on the list attached hereto as Exhibit "A" shall be paid by Purchaser as a Cure in

accordance with Section 365(b)(1)(A) of the Bankruptcy Code.  Each Assumed Contract

*Approved by Judge Michael Kaplan  August  27, 2014*

Page 20
Debtors:        CRUMBS BAKE SHOP, INC., *et al.*
Case Nos.       14-24287 (MBK)
Caption:        ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
                APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
                ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
                INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
                AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
                RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
                AND (III) GRANTING RELATED RELIEF

---

assumed and assigned pursuant to this Order shall vest in and be fully enforceable by Purchaser,

except as modified by the provisions of this Order.  The amounts identified on Exhibit "A" are in

full and final satisfaction of all obligations and are full compensation to the counterparties for

any pecuniary losses under such contracts or leases pursuant to section 365(b)(1) of the

Bankruptcy Code under the respective Assumed Contracts as of the Closing.  On the Closing

Date, with respect to the Assumed Contracts, all applicable requirements of section 365 of the

Bankruptcy Code have been met, including the requirement that all defaults be cured and that

adequate assurance of future performance be provided.  As of the Closing, except to the extent

otherwise expressly provided in the Purchase Agreement and this Order, the Debtors and

Purchaser shall each be relieved and discharged from any liability whatsoever, whether arising

before or on the Closing Date, under the Assumed Contracts other than Purchaser's obligation to

satisfy Cure Costs listed in Exhibit "A".

23.        The Assumed Contracts shall be assigned to, and remain in full force and effect

for the benefit of Purchaser, in accordance with their respective terms, notwithstanding any

provision in any such lease agreement or contract (including, without limitation, an anti-

assignment provision, or as described in sections 365(b)(2) and (f) of the Bankruptcy Code) that

prohibits, restricts, conditions, or limits such assignment or transfer.  Upon the Closing or

effectiveness of the assumption of any Assumed Contract/Lease, as applicable, in accordance

with Sections 363 and 365 of the Bankruptcy Code, Purchaser shall be fully and irrevocably

*Approved by Judge Michael Kaplan  August  27, 2014*

Debtors:      CRUMBS BAKE SHOP, INC., *et al.*

Case Nos.     14-24287 (MBK)

Caption:      ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
              APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
              ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
              INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
              AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
              RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
              AND (III) GRANTING RELATED RELIEF

---

vested with all rights, title and interest of the Debtors and their estates under any applicable

Assumed Contract/Lease.

24.     Subject to the terms of the Purchase Agreement and this Order, all defaults (or

in the case of defaults that are the subject of bona fide disputes, to the extent a resolution of such

defaults is agreed to by the Debtors pursuant to a settlement or otherwise determined by Final

Order of the Bankruptcy Court resolving such disputes) of the Debtors under the Leases arising,

accruing or relating to a period prior to the Closing Date (without giving effect to any

acceleration clauses or any default provisions of the kind specified in Section 365(b)(2) of the

Bankruptcy Code) and required to be cured under Section 365 of the Bankruptcy Code have been

or will be promptly cured at or following the Closing with respect to a Lease that is an Assumed

Contract, whether in an amount agreed upon between the applicable landlord and the Debtors or

Purchaser, or as otherwise ordered by the Bankruptcy Court, and will be deemed to be cured at

the Closing with respect to Purchaser.  Purchaser shall not have any liability or obligation with

respect to such defaults relating to the Assumed Contracts arising, accruing or relating to a

period prior to the Closing Date, except to the extent otherwise expressly provided in the

Purchase Agreement or in this Order.

25.     Pursuant to section 365(k) of the Bankruptcy Code, the Debtors and their

estates shall not be liable for any breach of the Assumed Contracts after the date of assignment to

Purchaser.

*Approved by Judge Michael Kaplan  August  27, 2014*

Page 22
Debtors:      CRUMBS BAKE SHOP, INC., *et al.*
Case Nos.     14-24287 (MBK)
Caption:      ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
              APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
              ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
              INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
              AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
              RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
              AND (III) GRANTING RELATED RELIEF

---

26.    Except as otherwise provided herein, pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, each non-debtor party to any Assumed Contract/ Lease is hereby barred and permanently enjoined from asserting against Purchaser any default, assignment fee, breach, or claim or pecuniary loss, or condition to assignment existing, accrued, arising or relating to a period prior to the Closing Date. Payment of the Cure Costs shall be deemed to discharge the Debtors' obligation to: (i) cure or provide adequate assurance that the Debtors will promptly cure any defaults; and (ii) compensate, or provide adequate assurance that the Debtor will promptly compensate, any non-Debtor party to the Assumed Contracts, for any actual pecuniary loss resulting from any default under the Assumed Contracts.

27.    The failure (if any) of the Debtors or Purchaser, as the case may be, to enforce at any time one or more terms or conditions of any Assumed Contracts/Leases shall not be a waiver of such terms or conditions, or of any of the rights of the Debtors or Purchaser, as the case may be, to enforce each and every term and condition of the Assumed Contracts/ Leases.

28.    There shall be no rent accelerations, assignment fees, increases (including advertising rates) or any other fees charged to Purchaser or the Debtors as a result of the assumption and assignment of any Assumed Contract or Lease; provided, however, that this provision shall apply solely to the assumption and assignment of the Assumed Contracts pursuant to this Order (or such other Order, if applicable, with respect to any Leases).

*Approved by Judge Michael Kaplan  August  27, 2014*

Page 23
Debtors:     CRUMBS BAKE SHOP, INC., *et al.*
Case Nos.    14-24287 (MBK)
Caption:     ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
             APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
             ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
             INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
             AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
             RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
             AND (III) GRANTING RELATED RELIEF

---

29.     The provisions of this Order and any actions taken pursuant hereto shall survive the entry of any order which may be entered confirming any plan of reorganization or which may be entered converting any of the Debtors' cases from Chapter 11 to Chapter 7 and shall be binding on any trustee or successor trustee.  The Debtors shall not file, nor seek to confirm, any plan of reorganization or liquidation in any of these cases or take any action that is inconsistent with the Purchase Agreement or the Debtors' obligations arising thereunder or that impairs in any way Purchaser's rights or remedies thereunder.

30.     The failure specifically to include any particular provisions of the Purchase Agreement in this Order shall not diminish or impair the efficacy of such provisions, it being the intent of the Court that the Purchase Agreement and each and every provision, term, and condition thereof be and therefore is, authorized and approved in its entirety.

31.     To the extent provided by Section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the Purchased Assets sold, transferred or conveyed to Purchaser on account of the filing or pendency of these Chapter 11 cases or the consummation of the transactions contemplated by the Purchase Agreement.

32.     The Purchase Agreement and the transactions and instruments contemplated thereby shall be specifically enforceable against and binding upon, and not be subject to rejection

*Approved by Judge Michael Kaplan  August  27, 2014*

Page 24

Debtors:     CRUMBS BAKE SHOP, INC., *et al.*

Case Nos.    14-24287 (MBK)

Caption:     ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
             APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
             ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
             INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
             AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
             RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
             AND (III) GRANTING RELATED RELIEF

---

or avoidance by, the Debtors or any subsequent successor, assign, or trustee of any of the

Debtors.

33.     The Purchase Agreement and any related agreements, documents, or other

instruments may be amended by the parties in a writing signed by such parties without further

order of the Court, provided that: (a) any such amendment does not have a material adverse

effect on the Debtors or the Debtors' estates, and (b) notice of any such amendment shall be

provided to the Committee and the United States Trustee.

34.     This Order constitutes a final and appealable order within the meaning of 28

U.S.C. § 158(a). Notwithstanding Fed. R. Bankr. P. 6004(h) and 6006(d), and to any extent

necessary under Fed. R. Bankr. P. 9014 and Rule 54(b) of the Federal Rules of Civil Procedure,

as made applicable by Fed. R. Bankr. P. 7054, the Court expressly finds that there is no just

reason for delay in the implementation of this Order, and expressly directs entry of judgment as

set forth herein.

35.     This Order shall be effective immediately upon entry pursuant to Rule 7062 and

9014 of the Federal Rules of Bankruptcy Procedure, and no automatic stay of execution,

pursuant to Rule 62(a) of the Federal Rules of Civil Procedure, or Rule 6004(h) or 6006(d) of the

Federal Rules of Bankruptcy Procedures applies with respect to this Order.

36.     Purchaser may consummate the transactions contemplated under the Purchase

Agreement at any time after entry of this Order by waiving any and all of its closing conditions

*Approved by Judge Michael Kaplan  August  27, 2014*

Page 25
Debtors:       CRUMBS BAKE SHOP, INC., *et al.*
Case Nos.     14-24287 (MBK)
Caption:      ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
              APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
              ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
              INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
              AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
              RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
              AND (III) GRANTING RELATED RELIEF

---

set forth in the Purchase Agreement that have not been satisfied and by proceeding to close the

Sale without any notice to the Court, any pre-petition or post-petition creditor of the Debtors

and/or any other party in interest.

37.     The Court shall retain jurisdiction over the Debtors, Purchaser, and all parties

asserting Liens and Claims and contract rights on or in the Purchased Assets (including any

Assumed Contracts and Leases), to implement, interpret, consummate and/or effectuate the

provisions of this Order, the Purchase Agreement, and all agreements arising out of, related to, or

approved pursuant to this Order, and to enter orders in aid or furtherance of the transactions

contemplated in the Purchase Agreement, and to resolve any disputes arising under or related to

the Purchase Agreement or the related transactions.

38.     The provisions of this Order are non-severable and mutually dependent.

39.     In the event of any conflict between the terms of the Purchase Agreement or

this Order, the terms and provisions of this Order shall, in all instances, prevail.

40.     Notwithstanding anything herein or in the Purchase Agreement, Purchaser

shall, upon reasonable notice, permit the Committee (including professionals retained by the

Committee), or any subsequently appointed trustee, or other Debtor estate fiduciary, to access

and inspect such of the Debtors' books and records that become Purchased Assets under the

Purchase Agreement, excluding any of the Debtors' Trade Secrets or similar intellectual

property.  The records shall be made available for inspection in the manner in which they are

*Approved by Judge Michael Kaplan  August  27, 2014*

Page 26

Debtors:      CRUMBS BAKE SHOP, INC., *et al.*
Case Nos.     14-24287 (MBK)
Caption:      ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
              APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
              ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
              INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
              AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
              RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
              AND (III) GRANTING RELATED RELIEF

---

normally kept, and shall not be altered or destroyed, absent further Order of the Court or

stipulation among Purchaser and the Committee or any trustee or estate representative, as the

case may be.  Any copies shall be made at the expense of the party conducting the inspection.

For purposes of this section, "reasonable notice" means 24 hour advance notice to the Purchaser.

All access and inspection shall occur during Purchaser's normal business hours.

41.     The following shall apply with respect to the transfer of consumer information

from the Debtors to Purchaser, including the Debtors' customers' personally identifiable

information ("**PII**"):[3]

(a)     Purchaser shall be bound and meet the standards established by

Debtor's Privacy Policies, including but not limited to any opt-out requests submitted by

customers;

(b)     the Debtors or Purchaser agree to provide a notice to any consumer

whose PII is being transferred, including:  on the Debtor's website for at least 30 days, by email,

and via posted notices at each of Debtors' locations for at least 30 days; and

(c)     as part of the notification process, Debtor and Purchaser agree to

provide those consumers with an opportunity to opt-out of future use of their PII.

---

[3] All capitalized terms in this paragraph not otherwise defined herein shall have the meanings ascribed to them in the
Report of the Consumer Privacy Ombudsman dated August 22, 2014 [Docket No. 174].

*Approved by Judge Michael Kaplan  August  27, 2014*

Page 27
Debtors:      CRUMBS BAKE SHOP, INC., *et al.*
Case Nos.     14-24287 (MBK)
Caption:      ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
              APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
              ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
              INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
              AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
              RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
              AND (III) GRANTING RELATED RELIEF

---

42.     Within 45 days from the entry of this Order, Purchaser shall file with the Court a statement under oath that it has fully complied with the conditions imposed to protect the customer information.

43.     The Objections are hereby resolved as follows:

(a)     Simon Objection:  As a condition to the assumption and assignment of the Lease, dated August 2, 2012, by and between The Retail Property Trust and Crumbs Retail Bake Shops, LLC d/b/a/ Crumbs Bake Shop relating to the premises located in the Roosevelt Field Mall, Westbury, New York, Purchaser shall promptly pay to Simon Property Group, Inc. ("**Simon**") Cure Costs totaling $28,287.62 and a security deposit of $54,576.00.

(b)     Paradigm Objection:  As a condition to the assumption and assignment of the Lease, dated July 28, 2009, by and between Paradigm 44-48 West Putnam Avenue, LLC ("**Paradigm**") and Crumbs Greenwich, LLC, relating to the premises located at 48 West Putnam Avenue, Greenwich, Connecticut, Purchaser shall promptly pay to Paradigm Cure Costs totaling of $10,766.00 and shall, within 30 days after closing, post a security deposit in the form of cash or a letter of credit in a form reasonably satisfactory to the landlord, taking into consideration the change in the tenant name under the lease, in the amount of $37,500.00.

(c)     Larchmont Objection:  By this Order, the lease between Crumbs Larchmont, LLC and Larchmont Properties, Ltd. (the "**Larchmont Lease**") is amended to provide for the automatic termination and elimination of the option to extend the Larchmont

*Approved by Judge Michael Kaplan  August  27, 2014*

Page 28
Debtors:      CRUMBS BAKE SHOP, INC., *et al.*
Case Nos.     14-24287 (MBK)
Caption:      ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
              APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
              ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
              INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
              AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
              RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
              AND (III) GRANTING RELATED RELIEF

---

Lease described in Paragraph 51 of the Larchmont Lease, in the event that the lessee or any

assignee of the lessee's rights under the Larchmont Lease commits a default (monetary or

nonmonetary) under the Larchmont Lease prior to the exercise of the option that is not cured

within any applicable cure period.  All other rights and obligations of the parties under the

Larchmont Lease shall remain unchanged.  Purchaser shall promptly pay to Larchmont

Properties, Ltd. a cure payment of $24,694.00 and a security deposit of $23,880.00 as conditions

to the assumption and assignment of the Larchmont Lease.

    (d) <u>GGP Objections</u>:  As a condition to the assumption and assignment

of (i) the Lease, dated October 10, 2012, by and between Bridgewater Commons Mall II, LLC

("**GGP Bridgewater Commons**") and Crumbs Retail Bake Shops, LLC d/b/a/ Crumbs Bake

Shop, relating to the premises located in the Bridgewater Commons Mall (ii) the Lease, dated

June 6, 2013, by and between GGP Staten Island Mall, LLC ("**GGP Staten Island**") and

Crumbs Retail Bake Shops, LLC, relating to the premises located in the Staten Island Mall and

(iii) the Long Term Kiosk License Agreement dated July 1, 2014 and the Storage License

Agreement, dated November 15, 2012, by and between Water Tower LLC ("**GGP Water**

**Tower**"), and Crumbs Retail Bake Shops LLC, relating to the premises located in Water Tower

Place, Purchaser shall promptly pay to the GGP Landlords Cure Costs and security deposits,

respectively, as follows: (x) GGP Bridgewater Commons – Cure Costs of $25,514.89 and a

security deposit of $37,776.00, (y) GGP Staten Island- Cure Costs of $14,318.42 and a security

*Approved by Judge Michael Kaplan  August  27, 2014*

Page 29
Debtors:      CRUMBS BAKE SHOP, INC., *et al.*
Case Nos.     14-24287 (MBK)
Caption:      ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
              APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
              ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
              INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
              AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
              RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
              AND (III) GRANTING RELATED RELIEF

---

deposit of $21,126.00, and (z) GGP Water Tower - Cure Costs of $0.00 and a security deposit of

$19,314.00.  In addition, Purchaser shall promptly reimburse the GGP Landlords the sum of

$14,000 on account of attorneys' fees incurred by the GGP Landlords and shall execute in favor

of each of the GGP Landlords the form assumption and amendment agreement annexed to the

GGP II Objection.

(e)   <u>Park Avenue Objection</u>: As a condition to the assumption and

assignment to Purchaser of the Agreement of Lease, dated September 15, 2010, by and between

PPF Off Two Park Avenue Owner, LLC ("**Park Avenue Owner**") and Crumbs Park Avenue,

LLC (the "**Park Avenue Lease**"), relating to the premises located at 2 Park Avenue, New York,

New York, Purchaser shall promptly pay to Park Avenue Owner Cure Costs totaling $63,405.79,

plus a security deposit in an amount equal to $63,888.86 in the form of an irrevocable letter of

credit, the terms of which shall be reasonably acceptable to Park Avenue Owner; <u>provided</u> <u>that</u>

Purchaser shall have 14 days following the Closing to post such letter of credit.  In addition,

during the term of the Park Avenue Lease, there shall be no rent concessions or other changes

made to the terms of the Park Avenue Lease.

(f)   <u>University Place Objection</u>:  As a condition to the assumption and

assignment of the Standard Form of Store Lease, dated July 15, 2008, by and between University

Place Associates ("**University Place**") and Crumbs Union Square LLC, relating to the premises

located at 124 University Place, New York, New York, Purchaser shall promptly pay to

*Approved by Judge Michael Kaplan  August  27, 2014*

Page 30
Debtors:        CRUMBS BAKE SHOP, INC., *et al.*
Case Nos.       14-24287 (MBK)
Caption:        ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 (I) AUTHORIZING AND
                APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
                ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
                INTERESTS, (II) AUTHORIZING AND APPROVING THE ASSUMPTION
                AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NON-
                RESIDENTIAL REAL PROPERTY IN CONNECTION WITH THE SALE,
                AND (III) GRANTING RELATED RELIEF

---

University Place Cure Costs totaling of $17,145.15 and shall, within 30 days after closing, post a

security deposit in the form of a letter of credit in the amount of $23,000.00.

          (g)      True-Up Charges.  Notwithstanding anything herein to the

contrary, but solely to extent related and allocable to the period (the "**Post-Assignment Period**")

following the assumption and assignment of the applicable Leases with Simon and the GGP

Landlords to Purchaser, Purchaser shall pay all accrued charges, payments and the like, not

otherwise fixed or known to date, including but not limited to fees, charges, adjustments and

reconciliations for taxes, CAM and other charges (the "**True Up Charges**"), irrespective of

period in which they accrued.  Any obligation to be pay the True Up Charges shall be governed

solely by the applicable Leases and nothing herein is intended to waive any rights, claims and

defenses Purchaser may have with respect to the True Up Charges or the payment thereof.

Purchaser shall be entitled to a credit to the extent of any overpayments on account of such True

Up Charges to extent related and allocable to the Post-Assignment Period.

*Approved by Judge Michael Kaplan  August  27, 2014*

# EXHIBIT A

*Approved by Judge Michael Kaplan  August  27, 2014*

## EXHIBIT A TO SALE ORDER - ASSUMED CONTRACTS/CURE AMOUNTS

| | Location | Agreement | Cure Costs | Security Deposit/LOC |
|---|---|---|---|---|
| 1 | Garment Center | Lease, dated May 15, 2009, by and between R. Bros. Broadway Realty, LLC and Crumbs Garment Center LLC | | |
| 2 | Times Square | Indenture of Lease, dated March 3, 2011, by and between Dream Team Associates, LLC, and Crumbs Times Square LLC. | $ 52,939.66 | $ - |
| 3 | Broad Street | Standard Form of Store Lease, dated June 15, 2011, by and between 40 Broad Associates No. 2 LLC and Crumbs Broad Street, LLC | $ 35,563.34 | |
| 4 | Water Tower* | Long Term Kiosk License Agreement dated July 1, 2014. Storage License Agreement, dated November 15, 2012, by and between Water Tower LLC, and Crumbs Retail Bake Shops LLC | $ - | $ 19,314.00 |
| 5 | Union Station | Lease Agreement, dated April 23, 2010, by and between Union Station Investco, LLC and Crumbs Union Station, d/b/a Crumbs Bake Shop | $ 30,130.55 | |
| 6 | Grand Central | Agreement of Lease, dated May 19, 2009, by and between SLG Graybar Sublease LLC, and Crumbs Grand Central LLC d/b/a Crumbs Bake Shop, as amended by that certain Lease Modification Agreement dated May 15, 2012, by and between SLG Graybar Mesne Lease LLC and Crumbs Grand Central LLC d/b/a Crumbs Bake Shop. | $ 52,130.43 | |
| 7 | Staten Island* | Lease, dated June 6, 2013, by and between GGP Staten Island Mall, LLC and Crumbs Retail Bake Shops, LLC | $ 14,318.42 | $ 21,126.00 |
| 8 | Roosevelt Field | Lease, dated August 2, 2012, by and between The Retail Property Trust and Crumbs Retail Bake Shops, LLC d/b/a/ Crumbs Bake Shop | $ 28,287.62 | $ 54,576.00 |
| 9 | Federal Street | Retail Lease, dated September 23, 2011, by and between 176 Holdings, LLC and Crumbs Federal Street, LLC. d/b/a Crumbs Bake Shop | $ 15,132.46 | |
| 10 | Park Avenue | Agreement of Lease, dated September 15, 2010, by and between PPF Off Two Park Avenue Owner, LLC and Crumbs Park Avenue, LLC | $ 63,405.79 | $ 63,888.86 |
| 11 | Larchmont | Standard Retail/Multi-Tenant Lease – Net, dated January 17, 2008, by and between Larchmont Properties, Ltd. and Crumbs Larchmont LLC | $ 24,694.00 | $ 23,880.00 |
| 12 | Union Square | Standard Form of Store Lease, dated July 15, 2008, by and between University Place Associates and Crumbs Union Square LLC | $ 17,145.17 | $ 23,000.00 |
| 13 | Greenvale | Agreement of Lease, dated August 11, 2010, by and between Town Path Corner LLC and Crumbs Greenvale, LLC | $ 10,000.00 | |
| 14 | Woodbury | Agreement of Lease, dated July 30, 2008, by and between Kabro Associates of Woodbury LLC and Crumbs Woodbury LLC | $ 14,499.16 | |

*Shall also include $14,000 in attorneys' fees collectively for the GGP Landlords

*Approved by Judge Michael Kaplan  August  27, 2014*

| | Location | Agreement | Cure Costs | Security Deposit/LOC |
|---|---|---|---|---|
| 15 | Broadway | Agreement of Lease, dated September 16, 2008, by and between Broad 52nd L.P. and Crumbs Broadway LLC d/b/a Crumbs Bake Shop | $ 39,946.07 | |
| 16 | Greenwich | Lease, dated July 28, 2009, by and between Paradigm 44-48 West Putnam Avenue, LLC and Crumbs Greenwich, LLC | $ 10,766.00 | $ 37,500.00 |
| 17 | Stamford | Master Lease, dated May 29, 2008, by and between Samuel Lotstein Realty Company, LLC and Crumbs Stamford, LLC d/b/a Crumbs Bake Shop | $ 22,359.42 | |
| 18 | Third Avenue | Retail Lease, dated September 2, 2008, by and between Vandergrang Properties Co., L.P. and Crumbs Third Avenue LLC | $ 52,227.43 | |
| 19 | Lexington Avenue | Lease Agreement, dated June 4, 2008, by and between 134 East 93rd Street Associates and Crumbs Lexington LLC | $ 27,861.22 | |
| 20 | Bridgewater Commons* | Lease, dated October 10, 2012, by and between Bridgewater Commons Mall II, LLC and Crumbs Retail Bake Shops, LLC d/b/a/ Crumbs Bake Shop | $ 25,514.89 | $ 37,776.00 |
| 21 | Hoboken | Lease Agreement, dated August 1, 2008, by and between 409 Washington Street, LLC and Crumbs Hoboken, LLC | $ 4,824.21 | $ 32,839.36 |
| | | | | |

*Shall also include $14,000 in attorneys' fees collectively for the GGP Landlords

*Approved by Judge Michael Kaplan  August  27, 2014*